# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| **In Re Subpoena Of**<br><br>**ZINKIN ENTERTAINMENT, LLC** | Case No. 1:17-mc-00028<br><br>Underlying Case No.: 2:15-cv-01045 RFB-PAL (D. Nev.) |
| **Related Case:**<br><br>**Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez and Kyle Kingsbury, on behalf of themselves and all others similarly situated,**<br><br>   **Plaintiffs,**<br><br> **vs.**<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>   **Defendant.** | **ORDER RE; FURTHER PRODUCTION OF RECORDS BY NON-PARTY ZINKIN ENTERTAINMENT, LLC** |

On June 23, 2017, at 11:00 a.m., in Courtroom 10 of the United States District Court for the Eastern District of California, Plaintiffs' Motion Re: Discovery Disagreement came on regularly for hearing before the Honorable Erica P. Grossjean, Magistrate Judge.  Plaintiffs appeared by and through their legal counsel Robert Maysey and James Valletta of Warner, Angle, Hallam, Jackson & Formanek, PC; Non-Party Zinkin Entertainment, LLC, appeared by and through its legal counsel, James B. Betts, of Betts & Rubin.

First, this motion arises out of Plaintiffs' request for an order compelling Non-Party Zinkin Entertainment to produce further documents within its custody relating to certain of its clients who were or are professional mixed martial arts fighters, and which are responsive to a document subpoena served by Plaintiffs' in December, 2015, and to which Zinkin Entertainment responded to, in part, in February, 2016.

Second, this Court notes that this action has been brought on behalf of two (2) potential classes of professional MMA fighters, to wit:

- The "Bout Class" consisting of all persons who competed in one or more live professional UFC-promoted MMA Bouts taking place or broadcast in the Class Period; and

- The "Identity Class" consisting of each and every UFC fighter whose identity was expropriated or exploited by the UFC Promotional Materials, during the Class Period in the United States.

Third, Plaintiffs' complaint defines the "Class Period" as December 16, 2010 to the

present.  (Complaint, ¶30(g)).

Fourth, documents produced in response to said subpoena have been, and will be, produced pursuant to the "Attorney's Eyes Only" provision of the attached Revised Stipulation and Protective Order.

Fifth, Zinkin Entertainment has already produced responsive documents within its care, custody and control relating to any of its clients who are named Plaintiffs in this action.

Sixth, for purposes of this Order, Plaintiffs propose including the following definition:  "Documents" shall have the meaning conferred by Rule 34 of the Federal Rules of Civil Procedure.

Seventh, having considered the parties' Joint Statement Re: Discovery Disagreement and the oral argument of counsel, the Court hereby orders as follows:

Non-Party Zinkin Entertainment shall produce to Plaintiffs, subject to the "Attorney's Eyes Only" provisions of the attached Protective Order, all Documents, contracts, communications and/or correspondence with any MMA Promoters and any MMA Sponsors in its possession, if any, relating to any of Zinkin Entertainment's clients that fall within the definition of the "Bout Class" or "Identity Class", set forth above, for the period 2005 through the date of Plaintiff's subpoena to Zinkin Entertainment.  The documents to be produced include Documents, communications, or records which relate to or arise out of issues concerning said clients' "image and likeness" or any other Documents which show income received by Zinkin Entertainment's clients from sources

other than MMA Promoters related to their profession as an MMA Fighter, their image and likeness, and all related Documents from Zinkin representatives DeWayne Zinkin and Robert Cook to or from any Zinkin Entertainment clients. Plaintiffs have offered to provide a third party discovery vendor to Zinkin Entertainment to collect this information, at Plaintiff's expense.

Zinkin Entertainment shall produce responsive records within ten (10) days of the Court's issuance of this order.


IT IS SO ORDERED.

Dated:   **July 26, 2017**            /s/ *Erica  P.  Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE